NOT FOR PUBLICATION

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Paige Kinney<br><br>  Defendant. | No. CR-10-00796-01-PHX-JJT<br><br>**ORDER** |

Defendant Paige Kinney filed a Motion to Reduce Sentence or for Early Release—First Step Act (due to COVID-19). ("Motion," Doc. 152.) The Government filed its response (Doc. 153) in opposition. Defendant filed a Reply (Doc. 154), and then nearly three weeks later, Additional Attachments (Doc. 155.) The Court has read and considered all of the above filings.

Defendant is serving a combined fifteen-year sentence for two cases involving wire and bankruptcy fraud-related and money laundering convictions. According to Defendant, almost exactly three and half years remain on her sentence. She moves the Court pursuant to 18 U. S. C. § 3582(c)(1)(A)(i), "in conjunction with the CARES Act (effective March 26, 2020), and the Department of Justice's [sic], Attorney General William Barr, issued Memorandum (Dated March 26, 2020, April 3, 2020 and last revised April 23, 2020)", to modify or reduce her sentence to allow for early—in fact immediate—release. (Motion at 1.) She alleges she is "at high risk for severe illness from COVID-19," that conditions within prisons generally make them "disease vector[s]," and that, based on a news report

from ABC News Online about infection rates pertaining to prisons in general, she estimates that "BOP will have over 251,000 inmates test positive and would have another 6,000 plus deaths." (Motion at 2-4.)

## I. Request for Home Confinement

In her Motion, Defendant bases her claim for relief at least in part on Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, Pub. L. No. 116-136, 134 Stat. 281, 516 (2020). To the extent Defendant argues the CARES Act affords the Court any authority to either order home confinement in lieu of imprisonment or to otherwise modify her sentence at this point, her argument has no support in law. As regards criminal sentencing, the CARES Act empowers the United States Bureau of Prisons (BOP) and United States Attorney General Barr to order home confinement. It does not empower Courts to order home confinement, or any other relevant modification. The only avenue for Defendant to seek relief from the Court for reduction or change in terms of sentence is through Section 3582(c)(1)(A), as addressed below. And as Section 3582 has its own criteria, separate from the criteria the BOP and the Attorney General must consider to evaluate a CARES Act request, the several pages of discussion Defendant devotes in her Motion to how she allegedly meets CARES Act criteria are unavailing to the Court, except to the extent that criteria overlaps with the standard for modification under Section 3582.

## II. Request to Reduce or Modify Sentence Under Section 3582(c)(1)(A)(i)

18 U.S.C. §3582(c)(1), which Defendant also cites as a basis for her Motion, allows an inmate to move the Court to reduce her sentence. The statute imposes several requirements before such motion may be granted, however. First, a defendant can only make such motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court can grant such relief if

it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). Third, the Court must also find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(1)(A). The statute thus provides a threshold procedural—or "exhaustion"—requirement, and if that is satisfied, a substantive merits requirement.

### A. Defendant Does Not Meet the Exhaustion Requirement

Section 3582's exhaustion requirement is the result of a recent modification by Congress. Before the modification, the statute only authorized the BOP to file a motion with the district court for reduction or modification of a defendant's sentence. But with enactment of the First Step Act, Congress allowed a defendant to file directly with the court seeking such release where she had first made a request of her warden to file such a motion and had met the exhaustion requirements set out above. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

In her Motion, Defendant acknowledges—indeed, relies upon—the modification allowing a defendant to file for relief with the Court; she also acknowledges its accompanying exhaustion requirement. (Motion at 2)("[S]ince the First Step Act modified Section 3582, a defendant no longer needs BOP approval to file a motion for resentencing with his or her sentencing court.") And she acknowledges she has not met the exhaustion requirement: "The defendant files this motion now in light of the urgent nature of this matter . . . . The unprecedented nature of this emergency compels the Court to find the exhaustion requirement waived. The Court need not and should not wait for the defendant to exhaust administrative remedies under 3582(c)(1)(A)…" (Motion at 4, 5.) Most unequivocally, she states that "[i]n this case, the defendant has not exhausted her administrative rights within the BOP." (Motion at 7.)[1]

---

[1] Confusingly, Defendant appears to walk back her admission and argue that she in fact has exhausted her administrative appeal with BOP, asserting later in her Motion, and again in her Reply, that she has requested relief from BOP officials more than 30 days before filing her motion with the Court, and has heard nothing from the officials. (E.g., Motion at 7)(Defendant's "transmission requests were transmitted to both the warden and the Unit Team over 30 days ago.") Based on these repeated assertions, the Court has

But Defendant argues the exhaustion requirement is waivable. Defendant devotes several pages of her Motion to the waiver argument, and cites extensively to *Washington v. Barr*, 925 F.3d 109 (2nd Cir. 2019) to argue that "exhaustion may be unnecessary where reviewed the material submitted to determine if Defendant has in fact requested a modification or reduction in sentence motion from the warden pursuant to Section 3582(c)(1)(A). The core of that review is an evaluation of the actual language of Defendant's request or requests to BOP.

Defendant refers in her filings to making written requests to BOP for relief on three separate occasions: March 1, March 6 and April 28, 2020. (Doc. 152-4 at 3-4). But after scouring all 299 pages of Defendant's briefing and supporting exhibits, the Court found neither of the first two purported requests to the warden. The third purported request, which Defendant did provide and is dated April 28, 2020, does not mention a request for a motion to the Court for modification of sentence, the operative statute authorizing it—18 U.S.C. §3582(c)(1)(A), or any other indication that was what Defendant sought. Her submission to the warden, on a form entitled "Informal Resolution Process," states as follows: "I am requesting consideration for 'COVID-19' **Home Confinement** (3rd Request.)" (Doc. 152-4 at 3.)(emphasis supplied). A close review of the somewhat disorganized corpus of additional materials Defendant submitted shows several similar references by Defendant to a request for home confinement under the CARES Act and or the Barr Memorandum- which deals only with home confinement under the CARES Act—but not a request for reduction of sentence pursuant to Section 3582(c(1)(A).

Indeed, it also is clear from the documentation Defendant provided the Court that BOP officials understood her requests to be precisely—and only—for home confinement under the CARES Act. Warden Strong's final communication with Defendant before she filed her Reply in support of the instant Motion states, in relevant part, "Response to Request for Administrative Remedy . . . . This is in response to your Request for Administrative Remedy, received on May 20, 2020, wherein you state, you were denied your Home Confinement Pattern Score. For relief, you are requesting to be released on Home Confinement." (Doc. 154-1 at 7.)

It is Defendant's burden to show all elements of eligibility of a sentence reduction under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Sup. 3d 421, 426 (S.D.N.Y. 2020). That includes exhaustion of remedies as required under the statute. *United States v. Greenhut*, No. 18-CR-48-CAS, 2020 WL 509385 at *1 (C.D. Cal. Jan. 31, 2020). Defendant has not done so. Thus, to the extent Defendant seeks to rescind her earlier admission that she did not exhaust remedies under Section 3582(c)(1)(A) and instead assert exhaustion, her argument fails.

futile," and moreover that "undue delay, if it in fact results in catastrophic health consequences, would make exhaustion futile." This argument is unpersuasive, as the case Defendant cites for her proposition does not interpret Section 3582(c)(1)(A) and its exhaustion requirement at all. Rather, the Second Circuit in *Barr* discussed an exhaustion provision of the Controlled Substances Act (CSA) in the context of a challenge to the scheduling of cannabis as a Schedule I controlled substance, and whether an opponent to such scheduling could bring an action in federal court without first exhausting his administrative remedy to challenge the classification with the Drug Enforcement Administration. *Barr*, 925 F.3d at 116. The instant case concerns a wholly different statutory exhaustion requirement, which is evaluated on its own text and history. Moreover, while Defendant cited *Barr* for the above *dictum* that sounds availing of her position, the court in *Barr* ultimately determined that the exhaustion requirement in the CSA was not waivable in that matter either. *Id.*

This Court previously has considered precisely the exhaustion requirement set forth in Section 3582(c)(1)(A), and found it not waivable. *United States v. Weidenhamer*, No. CR-16-01072-PHX-ROS, 2020 WL 1929200 at *3 (D. Ariz Apr. 21,2020). The Court therefore will deny Defendant's Motion on this basis.

### B. Defendant's Circumstances do not Present an Extraordinary and Compelling Reason to Modify her Sentence

Even if the Court were to find Defendant had exhausted her administrative appeals with BOP, or that the exhaustion requirement was waivable and waived, it would find Defendant does not meet the standard for presenting an "extraordinary and compelling reason" to justify a reduction in sentence. "Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020). This Court thus looks to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable

policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Application Note 1 to Section 1B1.13 of the Guidelines provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The defendant is at least 65 years old; . . . (C) The death or incapacitation of the caregiver of the defendant's minor child or children; or (D) There exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018).

In the present case, none of the concerns Defendant lists qualify under sections (A), (B) or (C) of Section 1B1.13 note 1 as "extraordinary and compelling." Defendant is a cancer survivor living with kidney and liver disease, but neither alleges nor presents proof that any of these conditions is terminal; while these are "serious physical or medical conditions," she likewise presents no evidence or argument that they have diminished her ability to provide self-care while incarcerated at FCI-Tallahassee; she is not at least 65 years old; and she does not suggest the has experienced the death or incapacitation of a caregiver to her minor children. The only possible avenue for satisfying the statute's requirements is to show "other extraordinary and compelling reasons" under Note 1 subsection D. This Defendant cannot do.

Demonstration of concrete, substantial risk of contracting COVID-19, combined with Defendant's pre-existing conditions, which put her at greater risk of serious consequences should she contract the virus, might well constitute extraordinary and compelling circumstances within the Note's, and thus the statute's, meaning But Defendant has only presented pure speculation as to her likelihood of future infection. Defendant provides figures for infection rates and totals in the United States as a whole, as well as some state and local communities. She cites many generalized statistics to show "prisons"

generically are "disease vectors," as well as some statistics about Bureau of Prisons population generally. But she demonstrates no concrete information about the risk in her particular situation or facility—FCI Tallahassee, other than her acknowledgement that there were no confirmed cases there as of the filing of the instant Motion. This last fact belies her argument. The fact that COVID-19 exists among the community, and the speculation or mere possibility it may reach a given facility, cannot justify release pursuant to Section 3582(c)(1)(A)(i). This is particularly so in light of the extensive professional efforts and procedures BOP has in place to combat, segregate, isolate and impede the spread of the virus—which efforts were successful at FCI Tallahassee, at least as of the filing of the instant motion.

### III. Conclusion

For all of the above reasons,

**IT IS ORDERED** denying Defendant's Motion to Reduce Sentence or for Early Release—First Step Act (due to COVID-19) ( Doc. 152.)

Dated this 21st day of July, 2020.

Honorable John J. Tuchi
United States District Judge